[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15575
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 3, 2012
JOHN LEY
CLERK

D. C. Docket No. 9:10-cr-80033-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KURT TIMOTHY FRANKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 3, 2012)

Before DUBINA, Chief Judge, ANDERSON and KLEINFELD,* Circuit Judges.

PER CURIAM:

_____

*Honorable Andrew J. Kleinfeld, United States Circuit Judge for the Ninth Circuit, sitting by
designation.

We have had the benefit of oral argument in this case. We have considered the briefs and those parts of the record that are relevant. We conclude that the judgment of the district court should be affirmed.

With respect to Franks' argument that his prior strong arm convictions do not qualify as "violent felonies" under 18 U.S.C. §924(e)(2)(B), we affirm. We note that the only challenge to the status of these prior convictions that Franks asserted in the district court was an argument that they did not qualify because they may have involved only the taking of money or other property from the person of another when in the course of the taking the victim was "put in fear." Franks has abandoned that argument on appeal. For the first time on appeal, Franks asserts an entirely new challenge to the "violent felony" status of his four prior strong arm robbery convictions. We entertain Franks' new argument only pursuant to the plain error analysis.[1] For the reasons fully discussed at oral argument, it is clear that Franks' suggestion of error is far from obvious. Indeed, we have considerable doubt that Franks' new argument enjoys even arguable merit. See Montsdoca v. State, 93 So. 157, 159 (Fla. 1922). We need not address other issues to conclude

---

[1] We have carefully considered Franks' arguments in supplemental briefing that his new challenge was fairly presented to the district court. We are not persuaded. The challenge was not even "obscurely hinted at" during sentencing, and the district court "quite excusably" failed to grasp it. United States v. Zinn, 32 F.3d 1084, 1087-88 (11th Cir. 2003).

that the district court did not err in treating Franks' four prior strong arm convictions as "violent felonies" and considering Franks to be an armed career criminal under §924(e).

Franks' other argument, relating to <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 118 S. Ct. 1219 (1998), is foreclosed by binding precedent, and therefore clearly does not rise to the level of plain error.

AFFIRMED.